And afterwards the court said: it is a good law, that where an infant commits trespass and submits to an arbitration, he shall be bound when he comes of age: because he is chargeable for the trespass and shall pay damages, but not so in this case. 9 Rep. 94. It is alledged as a *22 common rule, that every thing which would be the ground of a suit in Equity, is a sufficient consideration. But here this rule fails—for the Equity of this case is with the infant. If an infant trader contracts debts in the way of his trade, he is not liable; because it is only a benefit to him, and not a matter of necessity. Nota. An infant took silks and velvets, and it appeared, that they were above his rank, and he was adjudged not liable, because they were things of superfluity, and *not of necessity. Nota also that the infant pleaded that his executor (testator I suppose) was within age, whereupon the plaintiff demurred, quære. And also an executor shall not pay costs for a rule of court. If goods be bailed to an infant to return, and he dies, and his executor promises to return them, it is a good consideration. Upon this Gawdy said, that if the executor promises to satisfy a simple contract of his testator, he shall be liable—but this does not seem to be law, Postea 142 and 207. 1 Cr. 126. Ow. 94. 1 Leo. 113. Poph. 112.6 Rep. 13 14. Dyer. 135.